IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JAMES EARL BREWSTER | § | |
| --- | --- | --- |
| Petitioner, | § | |
| VS. | § | NO. 3-11-CV-1042-P-BD |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner James Earl Brewster, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

In 1994, petitioner was convicted of murder and indecency with a child. Punishment was assessed at life imprisonment and 15 years confinement, respectively. His murder conviction was affirmed on direct appeal. *Brewster v. State*, No. 05-94-CV-00810-CR, 1996 WL 45997 (Tex. App. -- Dallas, Jan. 25, 1996, no pet.). Over the next 14 years, petitioner filed multiple state and federal writs challenging his murder conviction and a 1980 conviction for sexual assault of a child that was used to enhance his sentence in the murder case. All the writs were either denied on the merits, dismissed as successive, or dismissed for lack of subject matter jurisdiction.

On May 9, 2011, petitioner filed the instant case challenging his 1980 conviction for sexual assault of a child -- a conviction for which he is no longer in custody. As grounds for relief,

petitioner contends that: (1) the evidence was insufficient to support his conviction; (2) the indictment lacked a sufficient evidentiary basis; and (3) he is actually innocent of the charged offense. Before addressing these claims, the court must determine whether subject matter jurisdiction is proper.

## II.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing cases). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court discussed the "in custody" requirement for federal habeas jurisdiction. While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of section 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas v. LaVallee*, [391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)], strongly implies the contrary. . . . [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

*Id.*, 109 S.Ct. at 1925-26 (emphasis in original). *See also Hendrix*, 888 F.2d at 338 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254).

As recognized by this court in another habeas case filed by petitioner more than two years ago, petitioner is no longer in custody on his 1980 sexual assault conviction. *See Brewster v.*

*Quarterman*, No. 3-09-CV-0329-O, 2009 WL 2337742 at *2 (N.D. Tex. Jul. 28, 2009), *COA denied*, No. 09-10784 (5th Cir. Feb. 2, 2010). Nevertheless, petitioner maintains that federal habeas jurisdiction is proper because the expired conviction "has lingering civil disabilities[,]" including its use to enhance his sentence in the 1994 murder case, as well as the possible enhancement of any future criminal convictions. (*See* Hab. Pet. at 8, ¶ 20(D) & Attch. at 1-2). This frivolous argument has already been rejected by this court. *See Brewster*, 2009 WL 2337742 at *2-3. For the reasons stated in that opinion, petitioner's most recent attempt to collaterally attack his 1980 sexual assault conviction should be dismissed for lack of subject matter jurisdiction.

III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

This is the *eighth time* petitioner has attempted to challenge -- either directly or indirectly -- his 1994 murder conviction and resulting life sentence. On three prior occasions, the court dismissed on jurisdictional grounds writs filed by petitioner attacking his 1980 sexual assault

conviction. *See Brewster v. Quarterman*, No. 3-04-CV-1468-K, 2006 WL 2623920 (N.D. Tex. Jul. 31, 2006), *rec. adopted*, 2006 WL 2639845 (N.D. Tex. Sept. 11, 2006), *COA denied*, No. 06-11083 (5th Cir. May 7, 2007); *Brewster v. Quarterman*, No. 3-07-CV-0195-B, 2007 WL 2079991 (N.D. Tex. Jul. 12, 2007), *COA denied*, No. 07-10829 (5th Cir. Feb. 19, 2008); *Brewster*, 2009 WL 2337742. In dismissing one of his federal writs, the court warned petitioner that:

> if he files another successive habeas petition without first obtaining leave from the Fifth Circuit Court of Appeals, he will be subject to sanctions, up to and including monetary sanctions payable to the Court, and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

*Brewster v. Quarterman*, No. 3-09-CV-0329-O (N.D. Tex. Jul. 28, 2009) (Doc. #16). Petitioner has never been specifically warned that sanctions may be imposed if he files another federal writ challenging his 1980 conviction for sexual assault or his 1994 conviction for indecency with a child -- proceedings over which the court lacks subject matter jurisdiction because petitioner is no longer in custody under those convictions. Such a warning should be given now. Accordingly, petitioner should be warned that sanctions may be imposed against him if he files another application for writ of habeas corpus challenging his 1980 conviction for sexual assault or his 1994 conviction for indecency with a child. In addition to monetary sanctions, petitioner may be barred from filing any other civil actions in federal district court without the permission of a United States district judge or United States magistrate judge.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction. In addition, petitioner should be warned that sanctions may be imposed against him if he files another application for writ of habeas corpus challenging his 1980 conviction for sexual assault or his 1994 conviction for indecency with a child.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 23, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE